NO. 7315.

GEORGE P. CAIRE.

VS

MUTUAL BLDG & LOAN ASS'N.

7315

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7315

St Paul, judge.

The facts of this case and the issues presented are fully set forth in our former opinion.

In that opinion we held, for the reasons therein given, that a promise of sale was so far a sale as to be translative of property between the parties and put the thing at the risk of the promissee, although there had been no formal delivery (by deed) and no payment of the price.

Our attention had not been called to a line of decisions which we have since examined and which appears to hold to the contrary.

In fact these decisions hold in substance and effect that a promise of sale amounts to a sale only in the sense that it entitles either party to enforce specific performance; but that a promise of sale is not trnaslative of property, and does not change the ownership of, or dominion over the thing, even as between the parties; or put the thing at the risk of the promissee.

> Mc Donald vs Aubert, 17 La 449
> Bennett vs Fuller, 29 An 663
> Broadwell vs Raines, 34 An 677
> Thompson vs Duson, 40 An 712
> Baldwin vs Morey, 41 An 1107
> Collins vs Demerast, 45 An 108
> Peck vs Bemiss, 10 An 160
> Satterfield vs Killeen, 14 An 606
> Garrett vs Crooks, 15 An 483
> Knox vs Payne & Harrison, 13# An 361

See Rodpt & Hart,
2 La. App. 506
(advanced reports)

In Mc Donald vs Aubert, 17 La 449 (above cited) this was held so true, that where a husband had during the community given a promise of sale, and after the death of his wife executed the promised deed, it was held that the latter was the only sale and conveyed only the husband's interest in the community property which he had attempted to convey, and not that of his deceased wife.

Of course we are bound by these authorities and will follow them herein.

In our former opinion we found it unnecessary to inquire into the effect of a transfer and retransfer between a Homestead Association and a borrowing member. But our enforced change of opinion as to the effect of a promise of sale obliges us now to do so.

We have carefully considered the language of the statute regulating these associations (Act 115 of 1888, p. 177 Amended by Act 244 of 1912 p. 545) and it leaves no room for any other construction than that such transfer and retransfer not only have the effect of a sale and resale so as to operate a privilege equal in rank to that of a vendor, but that such transfer and retransfer are in fact and in law a sale and resale for all purposes whatever.

The language of the law (Act 244 of 1912 p. 545) is as follows;

" x x Such associations are authorized and empowered to contract and agree with any person to acquire or purchase from such person any property and afterwards to dispose of the same to a member, even though said agreement be made at one and the same time, and such contract and agreement shall not be considered or dealt with as a loan, but as a purchase or acquisition by the association to such member x x " (Italics ours)

We therefore conclude that as long as the title to such property stands in the name of the association, the latter must be considered and dealt with as the owner of the property, and must as owner bear any loss occasioned by fortuitous events.

Our former decree is therefore set aside, the judgment appealed from is reversed, and it is now ordered that plaintiff, George P. Caire, have judgment against defendant, the Mutual Building and Loan Association for the full sum of Eleven hundred and five Dollars ($1105.-) and the costs of both courts.